# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Mario D. Blue,** | ) | **CASE NO. 1:19 CV 1926** |
| **Plaintiff,** | ) | **JUDGE PAMELA A. BARKER** |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **United States Dept. of Treasury,** | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Mario D. Blue filed this action in the Cleveland Municipal Court against the United States Department of Treasury alleging it breached a contract with Plaintiff by withholding his tax refund to offset a child support arrearage. The United States removed the action to federal court and filed a Motion to Dismiss claiming this Court lacks subject matter jurisdiction to review Treasury offsets. For the reasons stated below, the government's Motion to Dismiss (Doc. No. 4) is granted and this action is dismissed for lack of jurisdiction.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. Fed.R.Civ.P. 12(b)(1). Generally, Fed.R.Civ.P. 12(b)(1) Motions fall into two categories: facial attacks and factual

1

attacks. Fed.R.Civ.P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the challenger asserts that the allegations contained in a Complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *See In re Title Ins. Antitrust Cases*, 702 F.Supp.2d 840, 884-85 (N.D. Ohio 2010), citing, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio. 1997). If the Motion presents a facial attack, the Court must take all the material factual allegations in the Complaint as true and construe them in the light most favorable to the Plaintiff. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Conversely, if the Motion presents a factual attack, then the Court is free to consider extrinsic evidence and may weigh the evidence of its own jurisdiction without affording the Plaintiff the presumption of truthfulness. *Ritchie*, 15 F.3d at 598. The Plaintiff has the burden of proving subject matter jurisdiction in order to survive a Motion to Dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

**DISCUSSION**

Defendants assert a facial challenge to federal court jurisdiction, claiming this Court is barred by a federal statute from hearing any action challenging a Treasury offset of a tax refund for payment of a child support arrearage. This Court therefore must accept the Plaintiff's material factual allegations in the Complaint as true. *Ritchie*, 15 F.3d at 598. Plaintiff, however, alleges few factual allegations. He states:

> Defendant(s) executed a contract with Plaintiff-in terms Plaintiff requested proof or competent evidence (binding contract) where full consent is given to the U.S. DEPARTMENT OF TREASURY

> BUREAU OF THE FISCAL SERVICE to distribute personal property (Earned Income) to a third party collection Agency (CUYAHOGA COUNTY CSEA) towards an alleged debt owed. …
>
> Plaintiff, or its agents, has made a demand on Defendant(s), but Defendant(s) has failed to comply with such demand.
>
> Defendant breached the terms of the agreement and as [a] result, Plaintiff suffers damages in the amount of Four Thousand Eighth Hundred Dollars ($4,800.00).

(Doc. No. 1-1 at 1). Liberally construing Plaintiff's allegations, it appears that Plaintiff is challenging the offset of his federal income tax refund for a child support arrearage.

It is well-settled that the federal government and federal agencies enjoy sovereign immunity from suit unless it expressly waives its immunity and consents to suit. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). Congress defines the exact terms and conditions upon which the government may be sued, and the terms of the United States' consent define the parameters of federal court jurisdiction to entertain suits brought against the United States. *United States v. Orleans*, 425 U.S. 807 (1976). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *United States v. King*, 395 U.S. 1, 4 (1969).

Congress has not waived sovereign immunity for this type of suit against the Treasury Department. In fact, Congress has explicitly barred such suits, stating, "No Court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), (e), or (f)." 26 U.S.C.A. § 6402(g). Subsection (c) cited above authorizes a reduction of an individual's federal

income tax refund for "any past-due [child] support … owed by that person." 26 U.S.C. § 6402(c). Under the terms of the statute, this Court lacks jurisdiction over any claims against the Treasury Department pertaining to offsets of income tax refunds for child support arrearages.

**CONCLUSION**

Accordingly, Defendant's Motion to Dismiss (Doc. No. 4) is granted and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: December 27, 2019

*S/ Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE